IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRI-CITIES HOLDINGS LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:13-0669 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| TENNESSEE HEALTH SERVICES AND | ) | |
| DEVELOPMENT AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs, Tri-Cities Holdings, LLC, ("TCH") and Jane Does One through Six, filed this action under 42 U.S.C. § 1993 against the Defendants: Tennessee Health Services and Development Agency ("THSDA") and City of Johnson City, Tennessee, Johnson City Board of Commissioners and Johnson City Board of Zoning Appeals (the "Johnson City Defendants"). Plaintiff's claims involve a Johnson City zoning ordinance and the state agency's denial of its Certificate of Need application.

Before the Court is the Johnson City Defendants' motion for a change of venue (Docket Entry No. 19), citing the Plaintiff's prior action in the Eastern District of Tennessee before the Honorable J. Ronnie Greer, United States District Judge. Although that action was dismissed without prejudice, for lack of ripeness (Docket Entry No. 19-1), Judge Greer held an evidentiary hearing on Plaintiff's claims related to its failure to obtain a Certificate of Need from THSDA and a license from the Tennessee Department of Mental Health. Id. at 1. The Johnson City Defendants contend that since that dismissal, state officials denied TCH's request for a

1

Certificate of Need and that denial is now on administrative appeal.

Plaintiff's choice of venue is entitled to "substantial consideration." Smith v. Kyphon, Inc., 578 F.Supp.2 954, 962 (M.D. Tenn. 2008). Yet, a court can order a transfer of venue.

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

After the evidentiary hearing on Plaintiffs' claims in the prior action, Judge Greer stated that

> ". . . since the preliminary injunction hearing has already been held and an appropriate record made, the facial validity of the ordinance can be decided quickly by the Court once the claim becomes ripe for resolution."

(Docket Entry No. 19-1, Judge Greer's Memorandum Opinion and Order). The Court concludes that in the interests of justice, this action should be transferred to the Eastern District of Tennessee for further proceedings.

Accordingly, the Johnson City Defendants' motion to change venue (Docket Entry No. 19) is **GRANTED**. The Clerk shall electronically transfer the record in this action to the Eastern District of Tennessee, Northeastern Division.

It is so **ORDERED**.

**ENTERED** this the _13th_ day of November 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

2

Case 2:13-cv-00305-JRG-MCLC  Document 95  Filed 11/13/13  Page 2 of 2  PageID #: 3446