UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TRI-CITIES HOLDINGS, LLC, ET AL.,       )
                                        )
v.                                      )      NO. 2:13-CV-305
                                        )
TENNESSEE HEALTH SERVICES and           )
DEVELOPMENT AGENCY, ET AL.              )

**O R D E R**

The defendants have filed a Motion to Stay, Doc. 98, and a Second Motion to Stay Discovery, Doc. 100. These motions have been referred to the Magistrate Judge pursuant to 28 U.S.C. 636 and the Standing Order of this Court. A hearing was held on December 10, 2013.

This issue is far more complicated than it should be and, to be blunt, it has been complicated by the plaintiffs' actions.

The plaintiffs filed their first suit in this Court in April 2013, No. 2:13-CV-108, "Tri-Cities I." The defendants filed a motion to dismiss the suit because the issues were not yet "ripe." The district judge agreed, and he dismissed the case without prejudice on June 12, 2013.[1]

Rather than asking Judge Greer to reconsider his decision, or appealing the matter to the court of appeals, the plaintiffs filed an essentially identical suit in the Middle District of

---

[1] 2:13-CV-108, Doc. 45.

Tennessee, "Tri-Cities II."[2] Ultimately, District Judge Haynes of the Middle District transferred the case back to this court on the basis that the Eastern District was the correct venue.

The various defendants, including the Tennessee Health Services and Development Agency, have filed motions to dismiss this suit, at least one basis of which is ripeness.

In an attempt to justify the filing of Tri-Cities II in the Middle District of Tennessee, plaintiffs' counsel says that he did so only because of threats of physical violence directed against the plaintiffs in this district, and his concern about "local animus against opiate-addicted persons" in any jury pool that would be drawn from this district.

In support of his argument, plaintiffs' counsel referred to various exhibits which were not attached to his brief, nor did counsel advise the court where those exhibits could be found in the record. With a great deal of difficulty, two of those exhibits were ultimately located as exhibits to document 45; the other exhibits have yet to be found. With respect to the two exhibits that were located, they do not begin to support plaintiffs' argument that they refiled their suit in the Middle District of Tennessee because of threats of physical violence. Indeed, counsel's argument treads perilously close to being offensive. "Exhibit PP"[3] is a portion of a "blog" on the internet that has some uncomplimentary things to say about Mr. Kester's

---

[2] Plaintiffs did name an additional defendant to Tri-Cities II, the Tennessee Health Services and Development Agency, but that did not change the basic complexion of the case.

[3] Document 45-6.

2

motive in attempting to open a methadone clinic in Johnson City: "This isn't about addiction treatment. It is about Kester expanding a lucrative for profit company from a never-ending addict base." Then the same blog entry ends with this: "There is a very old fashioned method of getting an undesirable out of town and Kester now deserves that method."

This magistrate judge is unsure what that "old fashioned method" might be, but it is a safe guess that it is probably being ridden out of town on a rail. Regardless, it is a blog, and the internet unfortunately provides a forum for people to share not only their knowledge, but also their ignorance and prejudices. Suffice it to say that this magistrate judge has seen *far worse* internet comments regarding cases pending in the Eastern District of Tennessee, and judicial life nevertheless went on. And, to look at it logically, Mr. Kester will still be Mr. Kester regardless of where this suit is tried. Refiling the suit in Nashville would not have eliminated any of the claimed potential for violence, since the end result of the litigation, wherever filed, still would take place in Johnson City.

Plaintiffs further argue that the jury pool in the Northeastern Division of this Court manifests a general animus toward drug addicts. By the "jury pool," plaintiffs' attorneys can only mean the citizenry of the Northeastern Division, since it is they who would comprise that jury pool. The exhibits referred to in plaintiffs' response which purportedly demonstrates the animus do not exist; at least, the Court could not find them.

Further, assuming there are people who do harbor animus against drug addicts, there is no reason to believe a jury pool from the Middle District of Tennessee would be any more "enlightened" or sophisticated. Also, plaintiffs' response completely ignores the fact that the

3

jury pool will come from a ten-county area, some of it far removed from the Johnson City geographical area, and it also ignores the role the district judge ultimately will play in seating dispassionate and objectively-minded jurors.

To get to the point: plaintiffs' response was a transparent attempt to explain away rather obvious judge-shopping. Plaintiffs' actions in refiling Tri-Cities II in the Middle District of Tennessee on the heels of the dismissal of Tri-Cities I, even if not a sanctionable contempt, certainly manifested a contemptuous attitude toward this Court's earlier decision.

Plaintiffs' counsel stated during oral argument that he came across a "significant body of authorities" which would have convinced Judge Greer that his decision in Tri-Cities I was erroneous. This argument, however, actually corroborates the conclusion of this magistrate judge that plaintiffs' counsel was forum-shopping, since he admittedly had those authorities in plenty of time to file a motion for reconsideration before District Judge Greer. But, rather than do that, he chose to file an entirely new suit in the Middle District of Tennessee.

In response to the defendants' Motion to Stay Discovery, the plaintiffs argue that these same defendants, while the case was pending in the Middle District of Tennessee, not only stipulated that a Rule 26 discovery conference had occurred, they also professed an urgent need to proceed with discovery. Plaintiffs' assertion in that regard precipitated a rather vigorous reply from the defendants, supported by the declarations of their respective attorneys, in which they flatly asserted that there was no such stipulation, and that they never expressed any need, urgent or otherwise, to proceed with discovery.

"Swearing matches" between opposing attorneys in a lawsuit is the bane of any

4

judicial officer, but in this particular case the record and various documents support the assertions of defendants' attorneys. This Court is forced to conclude that plaintiffs' counsel has been more than a bit loose with his interpretation of what occurred while this case was pending before the Middle District of Tennessee.

Tri-Cities I was dismissed, and the plaintiffs eschewed any appeal of Judge Greer's memorandum opinion and order.[4] It became a final order. Thus, the issues framed by the Motion to Stay and the Motion to Stay Discovery must be considered in light of principles of *res judicata:*

> The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. *Hampton vs. Tennessee Truck Sales Inc.* 993 SW 2nd 643, 645 (Tenn. App. 1999).

The fact that Tri-Cities I was dismissed "without prejudice" and therefore could be refiled does not alter the fact that it is the law of this case that the plaintiffs must procure, or at least attempt to procure, certain administrative approvals.

Defendants' Motion to Stay the Case actually is an alternative to their motion for an outright dismissal without prejudice on the same basis that they moved successfully to have Tri-Cities I dismissed, *viz.*, lack of ripeness. This Court often is presented with motions to stay discovery, etc., until the court rules upon a pending motion to dismiss. Due to the heavy criminal docket of this court, it lately has been the practice to deny such motions to stay discovery in an effort to keep abreast of the civil docket. But this case is an exception.

---

[4] 2:13-CV-108, Doc. 45.

5

Plaintiffs' blatant forum-shopping to avoid this court's ruling in Tri-Cities I admittedly has been taken into account in the court's decision. But more important is the fact that it is reasonable to conclude that the district judge will not change his opinion that plaintiffs must attempt to procure a certificate of need, and a license from the Tennessee Health Services Agency, before this Court can entertain their suit.

Plaintiffs' application for a certificate of need has been denied, and an appeal of that denial is now pending before a state administrative law judge. During argument, the court was quite surprised to learn that an administrative law judge has delayed considering the appeal of that denial based upon plaintiffs' counsel's representation to her that he intended to ask this court to stay, i.e., enjoin, any action by her. That would seem to be contrary to plaintiffs' professed need for a quick resolution to this litigation.

The Motion to Stay Discovery, Doc. 100, is GRANTED, and it will remain in effect until the court has ruled upon Johnson City's Motion to Stay the entire case.

Since the Motion to Stay the case, Doc. 98, is an alternative to defendants' Motion to Dismiss, the resolution of that motion necessarily is DEFERRED to the district judge.

SO ORDERED:

                                          s/ Dennis H. Inman
                                          United States Magistrate Judge