## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| TRI-CITIES HOLDINGS LLC, JANE DOE NOS. 1-2, and JOHN DOE NOS. 1-6, ) )<br><br>Plaintiffs, )<br><br>v. )<br><br>TENNESSEE HEALTH SERVICES AND DEVELOPMENT AGENCY; CITY OF JOHNSON CITY, TENNESSEE; JOHNSON CITY BOARD OF COMMISSIONERS; JOHNSON CITY BOARD OF ZONING APPEALS; MELANIE M. HILL, in her official capacity as Executive Director of the Tennessee Health Services & Development Agency; and KEITH GAITHER, ELISHA HODGE, LISA JORDAN, D. LYNN JOHNSON, JAMES L. WRIGHT, CHARLOTTE C. BURNS, CLAUDIA H. BYRD, ROBERT S. DOOLITTLE, MARK D. FLORA, MD, BARRETT G. HAIK, MD, FACS, and THOM MILLS, in their official capacities as members of the Tennessee Health Services & Development Agency, ) )<br><br>Defendants. ) | Civil Action No. 2:13-cv-305<br>Judge Greer<br>Magistrate Judge Inman |

---

### CORRECTED ANSWER OF THE TENNESSEE HEALTH SERVICES AND
### DEVELOPMENT AGENCY DEFENDANTS TO SECOND AMENDED COMPLAINT
### (Doc. 136)

---

Pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, this Answer to the

Second Amended Complaint (Doc. 136) is filed by the defendants Tennessee Health Services

and Development Agency ("HSDA"); Melanie M. Hill, Executive Director of the HSDA; and

the HSDA members, *i.e.*, Keith Gaither, Elisha Hodge, Lisa Jordan, D. Lynn Johnson, James L.

Wright, Charlotte C. Burns, Claudia H. Byrd, Robert S. Doolittle, Mark D. Flora, Barrett G.

Haik, and Thom Mills.[1]  These defendants, who will be denominated herein as the "HSDA

Defendants," answer the Second Amended Complaint as follows:

## INTRODUCTION

1.     The HSDA Defendants admit that Plaintiffs seek by this action judicial remedies

under the Rehabilitation Act and the Americans With Disabilities Act (hereafter "the ADA").

All remaining allegations of paragraph 1 that are directed at the HSDA Defendants, are denied.

2.     The HSDA Defendants deny the averments of paragraph 2.

3.     The HSDA Defendants deny the averments of paragraph 3.

4.     The allegations of paragraph 4 are directed at the Johnson City Defendants, and

thus no response is required or made by the HSDA Defendants.

5.     The HSDA Defendants admit that Plaintiffs seek a judicial remedy under the

Rehabilitation Act and the ADA.  All remaining allegations of paragraph 5 that are directed at

the HSDA Defendants are denied.

6.     As paragraph 6 asserts conclusions of law, no response is required.  To the extent

that the allegations of paragraph 6 contain an assertion of fact, any such allegation is denied.

---

[1]  Plaintiffs have not yet effected service of the Second Amended Complaint and an amended summons upon the newly-added defendants; *i.e.*, upon the Executive Director of the HSDA and the HSDA members, all of whom are sued in their official capacity in the Second Amended Complaint (Doc. 134; Doc. 136).  Under the Federal Rules of Civil Procedure, response to an amended pleading is generally required to be made within 14 days after service of the amended pleading.  *See* Fed. R. Civ. P. 15(a)(3).  However, in this case, because the Order granting Plaintiffs' motion to file an amended complaint (Doc. 134) directs the defendants to respond to the Plaintiffs' amended complaint within ten (10) days of *filing*, rather than of *service* thereof, the newly-added HSDA Defendants are filing this Answer within ten days of Plaintiffs' December 11, 2013 filing of their Second Amended Complaint.

To the extent, if at all, that Plaintiffs are required to serve the newly-added HSDA Defendants with the Second Amended Complaint and an amended summons, and to the extent, if at all, that Plaintiffs fail to effect such required service within the time limit required by the Federal Rules of Civil Procedure, the HSDA Defendants reserve their right to seek dismissal of the Second Amended Complaint.

2

7.     The HSDA Defendants deny that they have discriminated against Plaintiffs, that Tennessee statutes are facially invalid, and that the HSDA Defendants are required under the ADA and the Rehabilitation Act to issue a CON to TCH, and further deny that they have failed to offer Plaintiffs a reasonable accommodation.

## JURISDICTION AND VENUE

8.     The HSDA Defendants admit that Plaintiffs have purported to bring their action pursuant to the cited statutes.

9.     The HSDA Defendants admit that the Court has federal question jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331, but deny that 28 U.S.C. §§ 1337, 1343(a) and 1391(b)(2) are jurisdictional statutes or apply to Plaintiffs' action.  The HSDA Defendants further deny that 29 U.S.C. § 794(a) and 42 U.S.C. § 12182(a) apply in this case and deny that the Court has jurisdiction, or should exercise its discretion with respect to supplemental jurisdiction, over Plaintiffs' state law claim.

10.     The HSDA Defendants deny that a substantial part of the events giving rise to Plaintiffs' claim(s) occurred in the Middle District of Tennessee.

## PARTIES

11.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 11.

12.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments concerning plaintiff TCH's "inten[tions]" that are set out in paragraph 12.

13.     The HSDA Defendants admit that TCH purports to sue on its own behalf and on behalf of its prospective patients.

3

14.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 14.

15.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 15.

16.     The HSDA Defendants admit the averments of paragraph 16.

17.     The HSDA Defendants admit the averments of paragraph 17.

18.     The HSDA Defendants admit that Melanie M. Hill is Executive Director of the HSDA and that Plaintiffs purport to sue her in her official capacity.  It is denied that the Executive Director is "responsible for ensuring that HSDA complies with federal law."

19.     The HSDA Defendants admit that Plaintiffs purport to sue the persons named in paragraph 19 in their official capacity.  It is denied that the named persons are "members of the Board of the Tennessee Health Services & Development Agency;" rather, they are the members of the HSDA.

20.     The HSDA Defendants deny the averments of paragraph 20.

21.     The HSDA Defendants admit that Plaintiffs have purported to attach as Exhibit A to their Complaint TCH's CON application and supplemental evidence that TCH presented at the CON meeting.

22-26. The allegations of paragraphs 20 through 24 are directed at the Johnson City Defendants, and thus no response is required or made by the HSDA Defendants.

## BACKGROUND

27-29. As paragraphs 27 through 29 of the Complaint assert conclusions of law, no response is required.  To the extent that the allegations of the paragraphs contain an assertion of fact, any such allegation is denied.

30-37. As paragraphs 30 through 37 of the Complaint assert conclusions of law, no response is required. To the extent that the allegations of the paragraphs contain an assertion of fact, any such allegation is denied.

## FACTS

38. The HSDA Defendants admit the averments of paragraph 38.

39-44. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraphs 39 through 44.

45. The HSDA Defendants admit the averments of paragraph 45.

46. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 46.

47. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 47.

48. The HSDA Defendants deny the averments of paragraph 48.

49. The HSDA Defendants deny the averments of paragraph 49.

50. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 50.

51. The HSDA Defendants admit the averments of paragraph 51.

52. The HSDA Defendants admit the averments of paragraph 52.

53. The HSDA Defendants admit that MMT treatment is not available in Johnson City, Tennessee and that the nearest North Carolina OTP clinic is more than 100 miles roundtrip from Johnson City. The HSDA Defendants deny the remaining averments of paragraph 53.

54. The HSDA Defendants admit that MMT treatment is not available in Johnson City, Tennessee and that the Knoxville OTP clinic is more than 200 miles roundtrip from Johnson City. The HSDA Defendants deny the remaining averments of paragraph 54.

55. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 55.

56. The HSDA Defendants deny the averments of paragraph 56, under the circumstances of this case.

57. The HSDA Defendants deny the averments of paragraph 57, under the circumstances of this case.

58. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 58.

59. The HSDA Defendants admit the averments of paragraph 59.

60. The HSDA Defendants admit the averments of paragraph 60.

61. The HSDA Defendants admit the first two sentences of paragraph 61. As they have not been able to determine that the cited authority for the third and fourth sentences supports those sentences, the HSDA Defendants lack sufficient knowledge or information to admit or deny those sentences.

62. The HSDA Defendants admit the averments of paragraph 62.

63. The HSDA Defendants deny the averments of paragraph 63.

64. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 64.

65. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 65.

66.     The HSDA Defendants admit the averments of paragraph 66.

67.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 67.

68.     The HSDA Defendants deny Plaintiffs' characterization of MMT as "standard of care" and lack sufficient knowledge or information to admit or deny the remaining averments of paragraph 68.

69.     The HSDA Defendants admit the averments of paragraph 69.

70.     The HSDA Defendants admit the averments of paragraph 70.

71.     The HSDA Defendants lack sufficient knowledge or information at this time to admit or deny the averments of paragraph 71.

72.     The HSDA Defendants admit the averments of paragraph 72, with the exception of the averment that MMT is "standard of care" treatment, which the HSDA Defendants deny.

73.     The HSDA Defendants admit the averments of paragraph 73.

74.     The HSDA Defendants deny the averments of paragraph 74.

75.     To the extent, if at all, that the statements contained in paragraph 75 require a response, the HSDA Defendants deny such averments.

76.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 76.

77.     The HSDA Defendants admit that at the CON hearing, TCH presented evidence of the facts set out in subparagraphs a through i of paragraph 77 of the Second Amended Complaint.  The HSDA Defendants lack sufficient knowledge or information to admit or deny the remaining averments of the paragraph.

78.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 78.

79.     The HSDA Defendants lack sufficient knowledge or information at this time to admit or deny the averments of paragraph 79.

80.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 80.

81.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 81.

82.     The HSDA Defendants admit that 1,062 persons died from drug overdose in Tennessee in 2011, but lack sufficient knowledge or information to admit or deny Plaintiffs' opinions and characterizations that are set out in paragraph 82.

83.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 83.

84.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 84.

85.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 85.

86.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 86.

87.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 87.

88.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 88.

89.     The HSDA Defendants admit that at the CON hearing, TCH presented evidence of the facts set out in paragraph 89.  The HSDA Defendants lack sufficient knowledge or information to admit or deny those facts.

90.     The HSDA Defendants admit that at the CON hearing, TCH presented evidence of the facts set out in paragraph 90.  The HSDA Defendants lack sufficient knowledge or information to admit or deny those facts.

91.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 91.

92.     The HSDA Defendants admit the averments of paragraph 92.

93.     The HSDA Defendants admit the averments of paragraph 93.

94.     The HSDA Defendants admit the averments of paragraph 94.

95.     The HSDA Defendants admit the averments of paragraph 95.

96.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 96.

97.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 97.

98.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 98.

99.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 99.

100.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 100.

101.    The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 101.

102.    The HSDA Defendants admit that MMT services are not available in the Proposed Service Area, and deny the remaining averments of paragraph 102.

103.    The HSDA Defendants deny the averments of paragraph 103.

104.    The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 104.

105.    The HSDA Defendants admit that TCH presented at the June 26, 2013 CON meeting the slide that is set out at paragraph 105 of the Second Amended Complaint. The HSDA Defendants deny, or lack sufficient knowledge or information to admit or deny, the remaining averments of the paragraph.

106.    The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 106.

107.    The HSDA Defendants admit that TCH presented the HSDA with evidence that MMT is the standard of care for opiate addicted pregnant women. The HSDA Defendants deny the remaining averments of paragraph 107.

108.    The HSDA Defendants deny the averments of paragraph 108; the purported quote set out in the paragraph is not complete and accurate.

109.    The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 109.

110.    The HSDA Defendants deny the averments of paragraph 110; the purported quote set out in the paragraph is not complete and accurate.

111. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 111.

112. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 112.

113. The HSDA Defendants admit that the quotation contained in paragraph 113 is found in the cited newspaper report.

114. The HSDA Defendants deny the averments of paragraph 114.

115. The HSDA Defendants deny the averments of paragraph 115.

116. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 116.

117. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 117.

118. The HSDA Defendants lack sufficient knowledge or information at this time to admit or deny the averments of paragraph 118.

119. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 119.

120. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 120.

121. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 121.

122. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 122.

123.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 123.

124.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 124.

125.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 125.

126.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 126.

127.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 127.

128.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 128.

129.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 129.

130.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 130.

131.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 131.

132.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 132.

133.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 133.

134. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 134.

135. The HSDA Defendants deny the averments of paragraph 135; the quote contained in the paragraph is not complete and accurate.

136. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 136.

137. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 137.

138. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 138.

139. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 139.

140. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 140.

141. The HSDA Defendants admit that the MMT clinics referenced in paragraph 141 are more than 100 miles away roundtrip from TCH's proposed location in Johnson City, Tennessee. All remaining averments of the paragraph are denied.

142. The HSDA Defendants deny that a roundtrip drive of more than 100 miles a day is a denial of reasonable access to MMT, in the circumstances of this case.

143. The HSDA Defendants deny that a roundtrip drive of more than 100 miles a day is a denial of reasonable access to MMT, in the circumstances of this case, and deny the remaining averments of paragraph 143.

13

144.     The HSDA Defendants lack sufficient knowledge or information at this time to admit or deny the averments of paragraph 144.

145.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 145.

146.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 146.

147.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 147.

148.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 148.

149.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 149.

150.     The HSDA Defendants deny the characterization of MMT as "standard of care," and lack sufficient knowledge or information to admit or deny the remaining averments of paragraph 150.

151.     The HSDA Defendants lack sufficient knowledge or information at this time to admit or deny the averments of paragraph 151.

152.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 152.

153.     The HSDA Defendants admit that at the CON hearing TCH presented testimony described at paragraph 153.

154.     The HSDA Defendants deny the averments of paragraph 154.

155. As paragraph 155 asserts conclusions of law, no response is required. To the extent that the averments of the paragraph contain an assertion of fact, the HSDA Defendants deny any such averment.

156. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 156.

157. The HSDA Defendants deny all averments of paragraph 157 that are directed at them.

158. The HSDA Defendants admit that driving on Northeast Tennessee mountain roads during inclement weather involves some risk, but lack sufficient knowledge or information to admit or deny that such risk is "significant."

159. As the averments of paragraph 159 are unintelligible, no response is required. To the extent that response is required, the HSDA Defendants deny the averments of paragraph 159.

160. The HSDA Defendants deny the averments of paragraph 160.

161. The HSDA Defendants admit that a driver who is deprived of sleep can be at some risk of becoming involved in an accident, but lack sufficient knowledge or information to admit or deny any of the remaining averments of paragraph 161.

162. The HSDA Defendants deny the averments of paragraph 162.

163. The HSDA Defendants deny the characterization of MMT as "standard of care," and lack sufficient knowledge or information to admit or deny the remaining averments of paragraph 163.

164. The HSDA Defendants admit that the partial quotations set out in paragraph 164 (with some emphasis added by Plaintiffs) are contained in the referenced newspaper article, but deny that the newspaper article was dated/published on March 29, 2013. The HSDA Defendants

15

lack sufficient knowledge or information to admit or deny the averments contained in the first two sentences of paragraph 164.

165. The HSDA Defendants deny the averments of paragraph 165.

166. The HSDA Defendants deny the averments of paragraph 166.

167. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 167.

168. The HSDA Defendants admit that an opiate addict's "drop-out" from treatment and return to illegal use of pain pills or heroin would be detrimental and costly for the individual addict and for society as a whole.

169. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 169.

170. The HSDA Defendants deny the averments of paragraph 170.

171. The HSDA Defendants deny that the averments of paragraph 171 bear any relationship to the circumstances of this case, and therefore deny the averments.

172. The HSDA Defendants deny the averments of paragraph 172.

173. The HSDA Defendants admit that during the June 26, 2013 CON meeting, evidence was introduced that buprenorphine and its branded formulations Subutex and Suboxone are equivalent to MMT in safety and effectiveness. The HSDA Defendants deny the remaining averments of paragraph 173.

174. The HSDA Defendants deny that buprenorphine/Subutex/Suboxone is/are less effective than methadone and are "non-standard of care." The HSDA Defendants lack sufficient knowledge or information to admit or deny the remaining averments of paragraph 174.

16

175.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 175.

176.     The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 176.

177.     The HSDA Defendants admit that the *Johnson City Press* printed an article entitled "Women Warned Not to Take Two Drugs Around Pregnancy" on March 22, 2012.  The HSDA Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 177.

178.     The HSDA Defendants admit that four quotations from the March 22, 2012 *Johnson City Press* newspaper article that are set out in paragraph 178 were read to the HSDA during the June 26, 2013 meeting.  The HSDA Defendants deny the remaining averments of the paragraph.

179.     The HSDA Defendants admit that the four sentences set out in quotation marks in paragraph 179 are found in the referenced *Johnson City Press* newspaper article.  The HSDA Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of the paragraph.

180.     The HSDA Defendants deny the averments of paragraph 180.

181.     The HSDA Defendants admit that the HSDA denied TCH's CON application on June 26, 2013.

182.     The HSDA Defendants deny the averments of paragraph 182.

183.     The HSDA Defendants deny the averments of paragraph 183.

17

184.    As paragraph 184 asserts conclusions of law, no response is required.  To the extent that the averments of the paragraph contain an assertion of fact, any such averment is denied.

185.    As paragraph 185 asserts conclusions of law, no response is required.  To the extent that the averments of the paragraph contain an assertion of fact, any such averment is denied.

186.    The HSDA Defendants deny the averments of paragraph 186.

187.    The HSDA Defendants admit that the Tennessee legislature has enacted Tenn. Code Ann. § 68-11-1607(c)(3).  The remaining averments of paragraph 187 are denied.

188.    The HSDA Defendants deny the averments of paragraph 188.

189.    The HSDA Defendants deny the assertion contained in paragraph 189 that Tenn. Code Ann. § 68-11-1607(c)(3) is a "requirement to notify opposition."  The HSDA Defendants admit that no other applicant for a CON other than an applicant for establishment of a nonresidential substitution-based treatment center for opiate addiction is required by statute to send the notice required by Tenn. Code Ann. § 68-11-1607(c)(3).

190.    The HSDA Defendants deny the averments of paragraph 190.

191.    The HSDA Defendants admit that the HSDA considered TCH's CON application on June 26, 2013 at a public meeting held in Nashville, Tennessee.  The HSDA Defendants deny the assertion contained in paragraph 191 that the "HSDA's board" considered the application.

192.    The HSDA Defendants admit that Plaintiffs requested reasonable modification by letter.  The HSDA Defendants deny that the request was made on June 17, 2013.

193.    The HSDA Defendants admit the averments of paragraph 193.

194.    The HSDA Defendants admit the averments of paragraph 194.

18

195. The HSDA Defendants deny the averments of paragraph 195.

196. The HSDA Defendants admit that, at present, the HSDA has not granted TCH's application for a CON. The HSDA Defendants deny that grant of the application would constitute a "reasonable accommodation" under the ADA or Rehabilitation Act.

197. The HSDA Defendants deny the characterization of MMT as "standard of care," and lack sufficient knowledge or information to admit or deny the remaining averments of paragraph 197.

198. The HSDA Defendants deny the averments of paragraph 198.

199. The HSDA Defendants deny the averments of paragraph 199.

200. The HSDA Defendants deny the averments of paragraph 200.

201. The HSDA Defendants deny the averments of paragraph 201.

202. The HSDA Defendants deny the averments of paragraph 202.

203-258. The allegations of paragraphs 203 through 258 are directed at the Johnson City Defendants, and thus no response is required or made by the HSDA Defendants.

## COUNTS 1 THROUGH 6

259-301. The allegations of paragraphs 259 through 301 are directed at the Johnson City Defendants, and thus no response is required or made by the HSDA Defendants.

## COUNT 7

302. The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 301.

303. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 303.

304. The HSDA Defendants deny the averments of paragraph 304.

19

305.    The HSDA Defendants deny the averments of paragraph 305.

306.    The HSDA Defendants deny the averments of paragraph 306.

307.    The HSDA Defendants deny the averments of paragraph 307.

308.    The HSDA Defendants deny the averments of paragraph 308.

## COUNT 8

309.    The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 308.

310.    The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 310.

311.    The HSDA Defendants admit the averments of paragraph 311.

312.    The HSDA Defendants deny the averments of paragraph 312.

313.    The HSDA Defendants deny the averments of paragraph 313.

314.    The HSDA Defendants deny the averments of paragraph 314.

315.    The HSDA Defendants deny the averments of paragraph 315.

## COUNT 9

316.    The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 315.

317 - 319.   As paragraphs 317 through 319 of the Second Amended Complaint assert conclusions of law, no response is required.  To the extent that the allegations of the paragraphs contain an assertion of fact, any such allegation is denied.

320.    The HSDA Defendants deny the averments of paragraph 320.

321.    The HSDA Defendants deny the averments of paragraph 321.

## COUNT 10

20

322. The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 317.

323. The HSDA Defendants lack sufficient knowledge or information to admit or deny the averments of paragraph 323.

324. The HSDA Defendants admit the averments of paragraph 324.

325-327. As paragraphs 325 through 327 of the Second Amended Complaint assert conclusions of law, no response is required. To the extent that the allegations of the paragraphs contain an assertion of fact, any such allegation is denied.

328. The HSDA Defendants deny the averments of paragraph 328.

329. The HSDA Defendants deny the averments of paragraph 329.

330. To the extent, if at all, that the averments of paragraph 330 are directed at the HSDA Defendants, the HSDA Defendants deny the averments.

## COUNT 11

331. The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 330.

332. The HSDA Defendants deny the averments of paragraph 332.

333. The HSDA Defendants deny the averments of paragraph 333.

334. The HSDA Defendants deny the averments of paragraph 334.

335. The HSDA Defendants deny the averments of paragraph 335.

## COUNT 12

336. The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 335.

337. The HSDA Defendants deny the averments of paragraph 337.

338.    The HSDA Defendants deny the averments of paragraph 338.

339.    The HSDA Defendants deny the averments of paragraph 339.

340.    The HSDA Defendants deny the averments of paragraph 340.

## COUNT 13

341.    The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 340.

342.    As paragraph 342 of the Second Amended Complaint asserts conclusions of law, no response is required.  To the extent that the allegations of the paragraph contain an assertion of fact, any such allegation is denied.

343.    The HSDA Defendants deny the averments of paragraph 343.

344.    The HSDA Defendants deny the averments of paragraph 344.

345.    The HSDA Defendants deny the averments of paragraph 345.

346.    The HSDA Defendants deny the averments of paragraph 346.

347.    The HSDA Defendants deny the averments of paragraph 347.

## COUNT 14

348.    The HSDA Defendants incorporate by reference their responses to paragraphs 1 through 347.

349.    The HSDA Defendants admit that under Tennessee law, TCH is entitled to an administrative appeal of the HSDA's denial of its CON application, but deny that this Court has jurisdiction to conduct or review any such administrative appeal.

350.    As paragraph 350 of the Second Amended Complaint asserts conclusions of law, no response is required.  To the extent that the allegations of the paragraph contain an assertion of fact, any such allegation is denied.

351.   The HSDA Defendants deny the averments of paragraph 351.

352.   The HSDA Defendants deny the averments of paragraph 352.

353.   The HSDA Defendants deny the averments of paragraph 353.

354.   The HSDA Defendants deny the averments of paragraph 354.

355.   The HSDA Defendants deny the averments of paragraph 355.


## DAMAGES

356.   The HSDA Defendants deny the averments of paragraph 356.

357.   The HSDA Defendants deny the averments of paragraph 357.

358.   The HSDA Defendants deny the averments of paragraph 358.

359.   The HSDA Defendants deny each and every averment and allegation in the Second Amended Complaint not expressly admitted, denied, or denied on the basis of lack of information herein.

## REQUESTED RELIEF

a-h   The HSDA Defendants deny that Plaintiffs are entitled to the relief sought in paragraphs a through h of their "Requested Relief," and further deny that Plaintiffs, or any individual plaintiff, is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the HSDA Defendants assert their affirmative defenses as follows:

## First Defense

The Second Amended Complaint fails to state a claim upon which relief may be granted.

## Second Defense

23

The Plaintiffs' claims are barred by the State of Tennessee's Eleventh Amendment sovereign immunity.

**Third Defense**

The Court lacks subject matter jurisdiction over Plaintiffs' state law claims. Alternatively, the Court should decline to exercise its power under 28 U.S.C. § 1367 in this case.

**Fourth Defense**

Plaintiffs' claims should be dismissed, based upon principles of abstention.

**Fifth Defense**

The individual Plaintiffs (denominated as Jane Doe Nos. 1-2 and John Doe Nos. 1-6) lack standing.

WHEREFORE, having fully answered, the HSDA Defendants respectfully request that the Second Amended Complaint filed by the Plaintiffs be dismissed with prejudice, together with its costs.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General and Reporter

s/Sue A. Sheldon
SUE A. SHELDON (TN BPR # 15295)
Senior Counsel
SARA E. SEDGWICK (TN BPR # 4336)
Senior Counsel
P.O. Box 20207
Nashville, TN 37202
(615) 741-2640

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record through the Electronic Filing System on this 13th day of January, 2014:

James S. Higgins
Rick Piliponis
THE HIGGINS FIRM, PLLC
116 Third Avenue, South
Nashville, Tennessee 37201

K. Erickson Herrin
HERRIN, BOOZE & McPEAK
515 E. Unaka Avenue
Johnson City, Tennessee 37601

James A. Dunlap Jr., Esq.
James A. Dunlap Jr. & Assoc. LLC
310 Windsor Gate Cove NE
Atlanta, Georgia 30342

Thomas J. Garland, Jr.
MILLIGAN & COLEMAN PLLP
P.O. Box 1060
Greeneville, Tennessee 37744


s/Sue A. Sheldon
SUE A. SHELDON