UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| Tri-Cities Holdings LLC, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Case No.** 2:13-CV-305 |
| | ) | |
| Tennessee Health Services and Development | ) | |
| Agency, et al. | ) | . |
| | ) | |
| Defendants. | ) | |

_____

**PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL OR, ALTERNATIVELY, A TEMPORARY INJUNCTION PENDING ADJUDICATION OF AN EMERGENCY MOTION TO THE COURT OF APPEALS FOR AN INJUNCTION PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 62(c), Plaintiffs Tri-Cities Holdings LLC, Jane Doe Nos. 1-2, and John Doe Nos. 1-6 (collectively "Plaintiffs") hereby move for an order enjoining enforcement of Section 6.13.3.4 of the Zoning Code of the City of Johnson City, Tennessee ("Zoning Ordinance") and Tennessee Code Section 68-11-1607(c)(3)("Notice Rule"), pending adjudication of the appeal from this Court's April 10, 2014 Orders [Docs. 163 and 164]. In the alternative, the Plaintiffs move for an order temporarily enjoining enforcement of the Zoning Ordinance and Notice Rule, to permit the Sixth Circuit to consider whether to grant an injunction pending appellate review.

**ARGUMENT AND CITATION OF AUTHORITY**

Federal Rules of Civil Procedure 62(c) permits this court to enter an injunction pending appeal of an order granting or denying a preliminary injunction. *See* Fed. R. Civ. P. 62(c) ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves,

or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."). The standard for obtaining such an injunction is similar to the four-part test for obtaining a preliminary injunction: "to secure a stay or an injunction pending appeal, the moving party must demonstrate (1) a strong showing of the likelihood of success on the merits; (2) that the moving party will be irreparably injured absent the relief; (3) that the issuance of the stay or injunction will not substantially injure the other parties interested in the proceeding; and (4) that the public interest will not be adversely affected by the requested relief." *Sierra Club v. United States Army Corps of Eng'rs*, 2007 U.S. Dist. LEXIS 7230, at *5 (M.D. Fla. Feb. 1, 2007); *see also SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 890 F. Supp. 1559, 1584 (N.D. Ga. 1995) (same).

A determination that a preliminary injunction is inappropriate does not, however, indicate that an injunction pending appeal should be denied, as the former Fifth Circuit noted in *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).1   Under Rule 62(c), a plaintiff may thus "secure an injunction pending appeal where the district court has already ruled that a plaintiff's claim for preliminary injunctive relief lacks merit." *See, e.g.*, *Save Our Dunes v. Pegues*, 642 F. Supp.

In determining whether to grant relief pending appeal, "the 'success on the merits factor cannot be rigidly applied,' because if it were 'the district court would have to conclude that it was probably incorrect in its determination on the merits.'" *Protect Our Water v. Flowers*, 377 F.Supp. 2d 882, 884 (E.D.Cal. 2004) (citations omitted). Thus, an injunction is "frequently issued where the trial court is charting a new and unexplored ground and the court determines that a novel interpretation of the law may succumb to appellate review." *Id.* (citation omitted).

2

*See also Peck v. Upshur County Bd. of Educ.*, 941 F. Supp. 1478, 1481 (N.D. W. Va. 1996) ("To find that plaintiffs have a strong likelihood of success on appeal, the Court need not harbor serious doubts concerning the correctness of its decision. Otherwise, relief under rule 62(c) would rarely be granted. What is fairly contemplated is that tribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.").

## I. JOHNSON CITY'S ZONING ORDINANCE AND HSDA'S NOTICE ARE FACIALLY INVALID.

Three federal circuits, including the Sixth Circuit, have declared zoning ordinances which place arbitrary restrictions on methadone clinics to be facially invalid under the Americans with Disabilities Act ("ADA"). *MX Group, Inc. v. City of Covington,* 293 F.3d 326 (6th Cir.2002) (maximum occupancy shall not exceed one person per each 200 square feet of gross floor area in the facility); *New Directions Treatment Serv. v. City of Reading,* 490 F.3d 293 (3rd Cir. 2007) *(*prohibiting methadone treatment clinic within 500 feet of an "existing school, public playground, public park, residential housing area, child-care facility, church"); *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch, 179 F.3d 725 (9th Cir. 1999)* (prohibiting the operation of methadone treatment clinics within 500 feet of "residential areas"); *Habit Mgmt.*, 235 F.Supp.2d 28 (methadone treatment clinic prohibited within two miles of public school); *Start, Inc. v. Baltimore County, Md.,* 295 F.Supp.2d 569 (D. Md., 2003)(methadone treatment clinic prohibited within 750 feet of "residentially zoned property line"). In sum, Johnson City's ordinance stands very little chance of surviving a ripe claim under

3

the ADA or the Rehabilitation Act of 1973.

Similarly, federal courts sanction notice provisions virtually identical to HSDA's Notice Rule that operate to garner public opposition to those providing services to disabled residents. *Potomac Group Home v. Montgomery County, Md*., 823 F.Supp. 1285 (D. Md., 1993)(rule designed to galvanize public opposition to center providing services to disabled person violates ADA).

## II. PLAINTIFFS ARE IRREPARABLY INJURED ABSENT AN INJUNCTION.

Notwithstanding the Court's dismissal without prejudice of Plaintiffs' action on ripeness grounds, Plaintiff TCH remains disadvantaged by Johnson City's denial of its variance requests on a facially invalid zoning ordinance in its Administrative Appeal of the Certificate of Need denial, final hearing thereon is set for on July 29, 2014 before the Tennessee Administrative Procedures Division Hearing Officer. The undisputed evidence was that the HSDA requested TCH to provide it with evidence of zoning approval. Kester Second Decl. ¶ 6 [Doc. 46]. In addition, failing to obtain zoning permission can be expected to negatively impacts a Certificate of Need applicant under Certificate of Need feasibility and orderly development criteria of the THSDA's. The Court has an opportunity to clearly mitigate that negative impact with little, if any, cost to Johnson City because a local government has no recognizable interest in maintaining a facially invalid ordinance under the ADA.

Johnson City's Zoning Ordinance denies the Individual Plaintiffs, and other opiate-addicted persons considered disabled under the ADA-- including pregnant women—reasonable

4

access to doctor-prescribed, life-saving medication. The Zoning Ordinance and Notice Rule also stigmatize Individual Plaintiffs, and other opiate-addicted persons -- including pregnant women—by clearly discriminating against them. For example, the Zoning Ordinance clearly stigmatizes opiate addicted persons—including pregnant women—by treating them as being unfit to receive treatment within 200 feet of a school even though Defendants presented no evidence that the Individual Plaintiffs present any significant risk to the community. Both Dr. Newman and Dr. Loyd testified that opiate addicted persons are subject to substantial negative public stigma which the Zoning Ordinance and Notice Rule foments and encourages. Newman Testimony, at 32 [Doc. 43-5]; Loyd Testimony, at p. 27, l. 23 [Doc.43-6].

Plaintiffs will seek expedited briefing in the Court of Appeals to minimize any delay in resolution. An injunction will serve mitigate damage to Plaintiff TCH during the Certificate of Need process. Johnson City and HSDA have demonstrated no comparable harm and no harm will result by allowing the court of appeals to review the same issues.

### III. JOHNSON CITY AND HSDA CAN SHOW NO INJURY FROM AN INJUNCTION PENDING APPEAL.

Johnson City and HSDA can show no injury that it will suffer as a result of an injunction pending appeal. An order enjoining enforcement of the Zoning Ordinance would not interfere with Johnson City's interests or the public interest, and a further injunction pending appeal will not do so either.

5

Case 2:13-cv-00305-JRG-MCLC   Document 165   Filed 04/15/14   Page 5 of 8   PageID #: 4720

### IV. THE PUBLIC INTEREST IS SERVED BY AN INJUNCTION PENDING APPEAL.

The public interest is served by an injunction pending appeal. There is a public interest in not discriminating against disabled persons which violates the ADA. There is a public interest in reducing highway deaths caused by forcing disabled persons to drive 100+ miles roundtrip to North Carolina for doctor-prescribed, standard of care, life-saving treatment for their disability.

### CONCLUSION

If the Court determines that an injunction pending appeal is not warranted, Plaintiffs ask, in the alternative, that the Court issue a temporary injunction that would permit the Sixth Circuit to consider the Plaintiffs' motion for an injunction pending appeal.

For the foregoing reasons, the Court should grant the Plaintiffs' Motion for an injunction pending appeal, or, in the alternative for a temporary injunction pending adjudication of an emergency motion to the Sixth Circuit for an injunction pending appeal.

Date: April 15, 2014.

**s/James A. Dunlap Jr.**
James A. Dunlap Jr., Esq.
Georgia State Bar No. 003280
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

Jim Higgins, Esq. BPR # 16142
The Higgins Firm, PLLC
116 Third Avenue, South

Nashville, Tennessee 37201
Phone (615) 353-0930
Fax (615) 467-2443
jsh@higginsfirm.com
Counsel for Plaintiffs

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2014, a copy of the foregoing document(s) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Sue A. Sheldon, Esq.
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202

Sara Elizabeth Sedgwick
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207

Kent Erickson Herrin, Esq.
Herrin, Booze & McPeak
515 E Unaka Avenue
Johnson City, TN 37601

Thomas J. Garland , Jr.
Milligan & Coleman PLLP
P O Box 1060
Greeneville, TN 37744-1060

**s/James A. Dunlap Jr.**
James A. Dunlap Jr., Esq.

8